WILSON TURNER KOSMO LLP
ROBIN A. WOFFORD (137919)
ELVIRA CORTEZ (275626)
MELLANIA E. SAFARIAN (313100)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rwofford@wilsonturnerkosmo.com
E-mail: ecortez@wilsonturnerkosmo.com
E-mail: msafarian@wilsonturnerkosmo.com

Attorneys for Defendant
WALGREEN CO.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORAZON SISON,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO.; and DOES 1 through 100,<br><br>Defendant(s). | Case No. 3:25-cv-607<br><br>**DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL TO THE UNITED STATES DISCTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (a) AND (b) DIVERSITY**<br><br>Complaint Filed: December 9, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WALGREEN CO. ("Walgreens"), hereby removes the state court action, *Corazon Sison v. Walgreen Co.,* Case No. 24-CIV-07724 (the "Action"), from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), on the grounds that: (1) Plaintiff Corazon Sison ("Plaintiff") is a "citizen of a State different from" Walgreens; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

///

## **PROCEDURAL BACKGROUND**

1. On December 9, 2024, Plaintiff filed an Action against Walgreens.

2. Plaintiff alleges the following causes of action against Walgreens: (1) Age Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Retaliation in Violation of FEHA; and (3) Wrongful Termination.

3. On December 18, 2024, Plaintiff served Walgreens' agent for service of process, Corporation Service Company, with the following documents: (a) Summons; (b) Civil Case Cover Sheet; (c) Complaint; and (d) Notice of Assignment and Notice of Case Management Conference. A true and correct copy of the Summons to Walgreens is attached hereto as "**Exhibit 1**." A true and correct copy of the Civil Case Cover Sheet is attached hereto as "**Exhibit 2**." A true and correct copy of the Complaint is attached hereto as "**Exhibit 3**." A true and correct copy of the Notice of Assignment and Case Management Conference is attached hereto as "**Exhibit 4**."

4. On January 16, 2025, Walgreens filed its answer to Plaintiff's Complaint. A true and correct copy of the Answer is attached as "**Exhibit 5**."

5. Exhibits 1 through 5 to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal.

## **REMOVAL IS TIMELY**

6. 28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

7. This removal has been filed within thirty (30) days after service of the initial pleading on Walgreens on December 18, 2024, setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b) because it is being filed within the statutory deadline.

## **PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON DIVERSITY**

8. This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and is properly removable pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b),

because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

**Diversity of Citizenship Exists**

9.     **Plaintiff is a Citizen of California.** For purposes of determining diversity of citizenship, a person is a "citizen" of the state in which she is domiciled. See *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.     Plaintiff alleges that she resides in the State of California. Complaint, ¶ 1. Moreover, Plaintiff alleges that she worked for Walgreens, in California, from approximately 2002 to June of 2024. Complaint, ¶ 7. While Plaintiff was employed by Walgreens in California, the last residential address she provided was in California. See (Declaration of Alicia Musgrove ("Musgrove Decl."), ¶ 2). Therefore, Plaintiff resided in California at the time the action was commenced and intends to remain there. Moreover, there is a presumption of citizenship in favor of a party's established domicile. *See Tachibana v. Colorado Mountain Dev., Inc.*, No. CIV 07-00364SPKBMK, 2007 WL 2916134, at *1 (D. Haw. Oct. 2, 2007), report and recommendation adopted, No. 07-00364 SPK-BMK, 2007 WL 4162857 (D. Haw. Nov. 21, 2007). As such, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of California. Thus, for diversity purposes, Plaintiff is a citizen of California.

11.     **Walgreens is a Citizen of Illinois.** For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its principal place of business." *Davis v. HSBC Bank Nevada, NA.*, 557 F.32 1026, 1028 (9th Cir. 2009); 28 U.S.C. § 1332 (c). The U.S. Supreme Court held that a corporation's "place of business" under the federal diversity jurisdiction statute, 28 U.S.C. § 1332 (c)(1), refers to a corporation's "nerve center" or the "place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The Supreme Court noted that the "nerve center" will "normally be the place where the corporation maintains its headquarters." *Id*. at 93.

12. At the time of the filing of this action and continuing through the date of this removal, Walgreens has been a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Illinois.  Declaration of Joseph B. Amsbary, Jr. ("Amsbary Decl."), ¶ 2.  Walgreens' corporate headquarters are located in Deerfield, Illinois where Walgreens' officers direct, control, and coordinate Walgreens' activities.  Amsbary Decl., ¶ 3.  Walgreen's operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. *Id*.  Walgreens is not, and has never been, a citizen of the State of California. Thus, for diversity purposes, Walgreens is a citizen of Illinois.

13. **The Citizenship of "Doe Defendants" Must Be Disregarded.**  The only other defendants named in Plaintiff's Complaint are fictitious parties identified as Does 1 through 100. Pursuant to 28 U.S.C. § 1441 (b)(1), the citizenship of the "Doe" defendants is disregarded for removal purposes.

14. As no defendant is a citizen of California where this action was brought, there is complete diversity allowing removal by Walgreens. *See* 28 U.S.C. § 1441, *et seq*.

### The Amount in Controversy Requirement is Satisfied[1]

15. Without admitting Plaintiff could recover damages, including civil or statutory penalties, Walgreens asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

16. "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Market Corp*., 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005). When a complaint filed in state court does not demand a dollar amount, a removing party need only show it is "more likely than not" that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.* 506 F.3d 696, 699 (9th Cir. 2007); *Garcia v. Roadlink* USA Pacific, LLC, No. SACV 11-0445 DOC, 2011 WL 2261273, at *2 (C.D. Cal. June 7,

---

[1] Walgreens denies any liability whatsoever with respect to Plaintiff's claims. The sole purpose of this removal is to establish the amount that is in controversy with respect to Plaintiff's claims.

DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL

2011). To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in this Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dis. LEXIS 31515, *7 (E.D. Cal., April 30, 2007). Further, courts presume the plaintiff will prevail on each and every one of their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). Finally, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only where the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Defendant needs only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

17.    To determine the amount in controversy, a district court should first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy," i.e., that the amount exceeds the threshold. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006). If the amount in controversy is not facially apparent, the court then considers whether the notice of removal plausibly alleges that the amount exceeds the threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-88 (2014). Plausible allegations alone are sufficient; evidence is required only if the plaintiff contests, or the court questions, the plausibility of the defendant's allegations. *Id.* at 89, 95; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019); *Ibarra v. Manheim Investments, LLC*, 775 F.3d 1193, 1197 (9th Cir. 2015) (the notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence).

///

DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL

18.     Here, it is not "facially apparent" that the amount in controversy exceeds $75,000, in that Plaintiff does not expressly demand a specific dollar amount, other than an indication that Plaintiff demands an unlimited amount that "exceeds $35,000." Additionally, in her Prayer for Relief, Plaintiff seeks to recover compensatory damages, punitive damages, attorney's fees and costs, lost wages and future wages, interest, and any other relief the Court deems proper. Complaint, p. 5, Prayer for Relief.

19.     **Lost Wages**. Walgreens expressly denies that Plaintiff is entitled to recover lost wages. Plaintiff alleges that her employment was terminated on or about June of 2024. Complaint, ¶ 13. At the time of her termination, Plaintiff earned an hourly rate of $17.50 and in her last full year of employment, her income was approximately $11,532.79. Musgrove Decl., at ¶ 3. From June 2024, to today's filing of January 17, 2025, and assuming Plaintiff is not re-employed or has subsequently obtained other employment, this amounts to approximately 33 weeks of purportedly lost wages. Plaintiff's weekly wages were approximately $210.00 ($17.50/hr. x 12 hours). As such, Plaintiff potentially seeks at least $6,930.00 (not including lost benefits or future lost wages) in the past six months alone. If trial was held in the next 12 months, this would amount to an additional $10,920.00 in wages ($17.50/hr. x 624 working hours in a calendar year). Accordingly, if a trial were held within the next 12 months, Plaintiff's past lost wages would be approximately $17,850 *before* calculation of any future lost wages.

20.     **Punitive Damages.** Walgreens expressly denies that Plaintiff is entitled to recover punitive damages. Plaintiff's Complaint seeks to recover "[p]unitive damages." *See* Complaint, p. 5, Prayer for Relief. Punitive damages are properly considered in the amount in controversy for jurisdiction purposes. *See Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs.'"). "In California, the wealth of the defendant is an important factor in determining the award of punitive damages." *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 451 (S.D. Cal 1995). Indeed, an examination of jury awards in other FEHA discrimination cases in California have resulted in punitive damages awards exceeding

the jurisdictional limit. *See, e.g., Weeks v. Baker & McKenzie,* 63 Cal.App.4th 1128, 1165-67 (1998) (upholding a $3.5 million punitive damages award on a FEHA claim); *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) (citing punitive damages awards in employment discrimination cases ranging from $60,000 to $121,000,000); *Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case). Therefore, Plaintiff's claim for "punitive and exemplary damages" alone meets the jurisdictional minimum.

21.    **Attorney's Fees.**  Finally, Plaintiff also seeks attorney's fees and costs, which are recoverable by a prevailing plaintiff under the FEHA. Complaint, p. 5, Prayer for Relief; Cal. Gov. Code §12965. Walgreens expressly denies that Plaintiff is entitled to recover attorney's fees and costs. Because attorney's fees are recoverable under FEHA, in assessing the amount in controversy, both prior and future estimated attorney's fees are included in the calculation. *Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018). Attorney's fees are likely to exceed more than $75,000 alone should Plaintiff prevail. *See, e.g., Muniz v. United Parcel Serv., Inc.,* 738 F.3d 214, 227 (9th Cir. 2013) (affirming attorney's fee award of $697,000 despite recovery of $27,000 on FEHA claim); *Vo v. Las Virgenes Mun. Water Dist.,* 79 Cal.App.4th 440, 446-48 (2000) (affirming attorney's fee award of $470,000 despite recovery of less than $40,000 on FEHA claims).

22.    Thus, taken together, the amount in controversy "more likely than not" well exceeds $75,000. Indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of relief satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g.*, *Jones v. CLP Resources, Inc.*, No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010). Accordingly, the amount in controversy requirement is satisfied.

///

DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL

23.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Walgreens pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

24.     Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) and § 1446 (a). Plaintiff filed this action in the Superior Court of California, County of San Mateo, which sits within the Northern judicial district of California. *See* 28 U.S.C. § 84(c)(1). Accordingly, for purposes of Removal, venue lies properly in this District Court.

25.     In accordance with 28 U.S.C. § 1446(d), counsel for Walgreens certifies that a copy of this Notice of Removal along with all supporting pleadings will be filed with the Clerk of the San Mateo County Superior Court and served on Plaintiff.

26.     As required by Federal Rule of Civil Procedure 7.1 and Local Rule 3-15, Walgreens concurrently filed its Corporate Disclosure Statement and Certification of Conflicts and Interested Entities or Persons.

## CONCLUSION

27.     For the foregoing reasons, Walgreens hereby removes the above-entitled action to United States District Court for the Northern District of California.

28.     If any question arises as to the propriety of the removal of this action, Walgreens requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

Dated:      January 16, 2025                **WILSON TURNER KOSMO LLP**

By:      /s/ *Elvira Cortez*
ROBIN A. WOFFORD
ELVIRA CORTEZ
MELLANIA E. SAFARIAN
Attorneys for Defendant
WALGREEN CO.

**EXHIBIT INDEX**

| NO. | DESCRIPTION | PAGE NOS. |
|---|---|---|
| 1 | Summons to Defendant Walgreen Co., Corazon Sison v. Walgreen Co., et al. | 10 - 11 |
| 2 | Civil Case Cover Sheet, Corazon Sison v. Walgreen Co., et al. | 12 - 14 |
| 3 | Plaintiff's Complaint for Damages, Corazon Sison v. Walgreen Co., et al. | 15 - 20 |
| 4 | Notice of Assignment and Case Management Conference, Corazon Sison v. Walgreen Co., et al. | 21 - 23 |
| 5 | Defendant's Answer to Plaintiff's Complaint, Corazon Sison v. Walgreen Co., et al. | 24 - 32 |

Case No.: 3:25-cv-607

DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL